E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Middle ~~Eastern~~ District of Pennsylvania

_Tonia' Scott_

) Case No. _____

_Plaintiff(s)_

) _(to be filled in by the Clerk's Office)_

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

_Raymond Tonkin and Jessica Keith_

_Defendant(s)_

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**FILED**
**HARRISBURG, PA**

**NOV 09 2020**

PER _MW_

**DEPUTY CLERK**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

---

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name: *Tonia' Scott*

All other names by which you have been known: *Principal Chief Tonia' Scott of the Saw Creek and Pine Ridge Indian Communities*

ID Number:

Current Institution: *Norristown State Hospital*

Address: *1001 Sterigere Street (B2-51)*

*Norristown       PA     19401- 5397*
City                State            Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name: *Raymond Tonkin*

Job or Title *(if known)*: *Pike County District Attorney*

Shield Number:

Employer: *Attorney General of Pennsylvania*

Address: *506 Broad Street*

*Milford       PA     18337*
City                State            Zip Code

[✓] Individual capacity   [✓] Official capacity

Defendant No. 2

Name: *Jessica Keith*

Job or Title *(if known)*: *CEO of Norristown State Hospital*

Shield Number:

Employer: *Norristown State Hospital*

Address: *1001 Sterigere Street*

*Norristown       PA     19401-5397*
City                State            Zip Code

[✓] Individual capacity   [✓] Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
    Name                               N/A
    Job or Title *(if known)*    N/A
    Shield Number        N/A
    Employer              N/A
    Address                N/A
                                  N/A

*City*    *State*    *Zip Code*

☐ Individual capacity  ☐ Official capacity

Defendant No. 4
    Name    N/A
    Job or Title *(if known)*  N/A
    Shield Number  N/A
    Employer  N/A
    Address  N/A
    N/A

*City*    *State*    *Zip Code*

☐ Individual capacity  ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

18 USC 241, 18 USC 242 AND please VIEW the ENCLOSED

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

Page 3 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please View below.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

[✓]  Pretrial detainee

[ ]  Civilly committed detainee

[ ]  Immigration detainee

[ ]  Convicted and sentenced state prisoner

[ ]  Convicted and sentenced federal prisoner

[✓]  Other *(explain)*   Plaintiff has been committed to a Pennsylvania State Mental Hospital without Plaintiff's Authorization

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.
Defendant Jessica Keith Admitted Plaintiff into Norristown State Hospital (a Mental Facility) without Plaintiff's Expressed and/or implied consent. While Plaintiff was handcuffed, ankle shackled and shadow-ed by two (2) armed (4 weapons) Pike County Police officers. Defendant Keith Actions was/are Against Plaintiff's Authorization; beginning on 10/14/20 until present.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.
Defendant Raymond Tonkin orchestrated Plaintiff's unlawful and ill-egal State Criminal Offenses/charges in an effort to extort Plaintiff into the Commonwealth of Pennsylvania's civil and criminal juris-diction. In which, Plaintiff's liberty has been restrained in (2) two institutions: Pike County Correctional Facility (11/18/19 - 10/14/20) and Norristown State Hospital (10/14/20 - present). Thus constituting unauthorized custody and False imprisonment, 35 C.J.S. 9-10.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C.  What date and approximate time did the events giving rise to your claim(s) occur?

(Abnd Rp)ON November 18, 2019 Plaintiff, Principal Chief TONYA' Scott of the Saw Creek AND PiNe RiDge INDiAN CommuNities Tribal GovoR-NmENt, DEputy Chief Keeba Scott-Harris AND FiVe (5) Tribal Officials Law ENforcemENt Officers were illegally & unlawfully ARRESTED by PENNSYLVANIA State Troopers(OVER 20) TweNty officers ON the INDiAN,

D.  What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

(continue) Title (PiKE County recorDED) hAmlet of PiNe Ridge. The PSP Troop--ers, Tribally AND Federally criminally trespassed ON INDiAN LaNDs, AgaiNst the DirectioNs of the PENNSYLVANIA GENERAL CounsEl AttorNe--EY John J. HERMAN. Plaintiff AND Six (6) Tribal Officials were restrai--NED with haNDcuffs, ANKle-Shackles. Then eleven (11) hours lAtER transported to PiKE County CorRECtioNAL Facility. Plaintiff AND DEputy Chief HARRis <u>Never</u> CONtRACtED with PCCF. See Exhibit B.

## V.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff was physically AND MENtally AssAultED by WARDEN CrAig Lowe's stAffERS, iN AN effort to threateNED, COERCE, oppress, iNtimiDATE AND iNjure PlaiNtiff iNto CONtRACtiNg with the PiKE County CorrectioNAL Facility for housiNg AND services. PleAse view (20CV0828)

## VI.  Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

PleAse view the ENclosED.

Plaintiff has lost her liberty AND personAl property. Plaintiff personAl property was illegally AND unlawful--ly. seized by the PENNSYLVANIA StAte Police (BloomiNg Grove StAtioN), A 14th AmENDmENt violatioN of the U.S. ConstitutE--ON. Plaintiff will ADD her meDicAL CONDitioN iN the Second (2ND) AND/or AmENDED <u>42 USC 1983</u> complaiNt; HENce, Viol--AtiNg 25 USC 2, Section 1.4, As well.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Pike County Correctional Facility
175 Pike County Blvd.
Lords Valley, PA 18428

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☑ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Plaintiff Never Contracted for Housing AND/or Services with WARDEN LOWE or Pike County Correctional Facility

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

N/A

2.   What did you claim in your grievance?

N/A

3.   What was the result, if any?

N/A

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

Plaintiff filed A habeas Corpus. USC 2144 with the U.S. District Court of Middle Pennsylvania

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Plaintiff was relocated to Norristown State Hospital, (ON 10/14/20) for A 60 DAy mental evaluation from the Pike County Correctional Facility.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

} Not pertaining to Pike County Correctional Facility +/or Raymond Tonkin

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _Tonia' Scott_

Defendant(s) _Raymond Tonkin, Craig Lowe and et al_

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_U.S. District Court of Middle Pennsylvania_

3.  Docket or index number

_20CV0828_

4.  Name of Judge assigned to your case

_Chief Judge Yvette Kane_

5.  Approximate date of filing lawsuit

_May 20, 2020_

6.  Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition. _10/21/20_

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_Judge Yvette Kane informed Plaintiff to file a 42 USC 1983 complaint as well exhaust State Remedie Except if there are extra-ordinary circumstances. Plain-tiff has provided 25 USC 1324 as extra-ordinary circumstances_

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   _No'_                                                              _and No forum_

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☑ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)  _____ N/A _____

Defendant(s)  _____ N/A _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____ N/A _____

3.   Docket or index number

_____ N/A _____

4.   Name of Judge assigned to your case

_____ N/A _____

5.   Approximate date of filing lawsuit

_____ N/A _____

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition  _____ N/A _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____ N/A _____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

IX.     **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.      **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        10/28/20

Signature of Plaintiff          *Tonia Scott P.C.*
Printed Name of Plaintiff       Tonia' Scott, Principal Chief
Prison Identification #         19-11057.  (PCCF).                    } Pike County Correctional Facility
Prison Address                  175 Pike County Blvd
                                Lords Valley        PA        18428
                                       *City*           *State*      *Zip Code*

                        Currently { Norristown State Hospital.
                        Domiciled { 1001 Sterigere Street (B2-5D)
B.      **For Attorneys**           { Norristown, PA 19401-5397

Date of signing:        N/A

Signature of Attorney           N/A
Printed Name of Attorney        N/A
Bar Number                      N/A
Name of Law Firm                N/A
Address                         N/A
                                N/A.        N/A        N/A.
                                *City*          *State*      *Zip Code*

Telephone Number        (917) 689-0107  /(212) 369-6016.
E-mail Address          Tribal Council, Rosemary Scott-Sumter

①

Grounds Section

I THE Commonwealth of Pennsylvania has **NO** jurisdict-
-ion over the Plaintiff because the State's criminal
offenses are not in the Territorial jurisdiction of
the Commonwealth of Pennsylvania (PA. C.R. 102).
The hamlet of Pine Ridge is a Pike County Land
recorded Indian Title property in the jurisdiction
of the Saw Creek and Pine Ridge Indian Communities
Tribal Government. As an Indian Title property,
State Laws, Do Not Apply to the Indian Title hamlet
of Pine Ridge, in which Plaintiff is charged with
the State's criminal offenses; hence Validated in
accordance to 25 U.S.C 2, Section 1.4 and See
<u>Oneida Indian Nation</u> v. <u>County of Oneida</u>, 414 U.S.
661 (1974). The Saw Creek and Pine Ridge Indian
Communities Tribal Government has <u>Not</u> Contracted
with the Commonwealth of Pennsylvania for Assumption
by State of Criminal Jurisdiction (25 USCS 1321/
25 USC 1755). Therefore, Defendant, Raymond Tonkin
(Pike County District Attorney) criminal offenses/charges
against Plaintiff are invalid.

II There is <u>No Forum</u> for Plaintiff to Exhaust State
Remedies because there are <u>No State Laws</u> pertain

②

-ing to Plaintiff AND/or Plaintiff's New York AND Pennsylvania State(s) recognized Tribe in the Pennsylvania Constitution AND/or in the Pennsylvania State Statutes, As required by 25 USCS 1324. See <u>Moore</u> <u>V. Deyoung</u>, 515 F. 2d 437, 442 at 443 (1975). As Such, All Criminal offenses, in which intinally was begotten from the illegal, unlawful, tribal AND Federal Criminal trespassing of the Pennsylvania State Police (Blooming Grove Station), Police officers on the Indian Title hamlet of Pine Ridge constitutes the "<u>Fruit</u> <u>of</u> <u>the</u> <u>Poisonous</u> <u>Tree</u> <u>Doctrine</u>." In turn, Plaintiff beseech the Court to suspend <u>All</u> State Criminal offenses/charges from the primary Arrest of Plaintiff on 11/18/19, in ACCORDANCE to the "<u>Exclusionary</u> <u>Rule</u>." See <u>Wong</u> <u>Sun</u> <u>V.</u> <u>United</u> <u>States</u>, 371 U.S. 471 (1963) AND <u>Weeks</u> <u>V.</u> <u>United</u> <u>States</u>, 232 U.S. 383 (1914).

<u>Relief</u>

I Plaintiff pleads to the Court, AN injunction to Immediately restrain the imprisonment At <u>Norristown</u> <u>State</u> <u>Hospital</u>, <u>1001</u> <u>Sterigere</u> <u>Street</u>, <u>Norristown</u>, <u>Pennsylvania</u> <u>19401</u>-<u>5397</u> {domicled} AND in the

③

UNAuthorized custody of Defendant Jessica Keith

Plaintiff has NOT contracted for housing And/or Services with Defendant, Jessica Keith. See. Bennett v. Allen, 396 F. 2d 788 (1968).

AND

II Plaintiff request A Declaration, from the Court that the Commonwealth of Pennsylvania criminal charges/offenses Against Plaintiff Are invalid. See Bennett v Allen, 396 F 2d 788 (1968). Plaint-tiff Never contracted for legal Services with the Courts of Pike County. Please Note: Plaintiff was Never read her Miranda Rights by the Pennsylvania State Police (Blooming Grove Station), Police Officers, A Fifth Amendment Violation of the U.S. Constitution. See Miranda v. Arizona (1966)

AND

III Plaintiff, Also entreat to the Court A request for bail, in Accordance to the below; while Awaiting for the Court to render A judgement:

A. Release on Personal Recognizance/unsecured Appearance-Bond (18 USC 3142 (B))

or

B. Release on Condition (18 USC 3142 (C)).

AND.

④

ON 10/14/20, PLAINTIFF WAS transported to Norristown States Hospital from Pike County Correctional Facility, without Plaintiff's expressed AND/or implied consent. Norristown State Hospital is a mental Facility. Plaintiff WAS hand-cuffed, ankle shackled AND shadowed by two (2) Armed (w/weapons), Pike County Police Officers. Plaintiff <u>NEVER</u> Contracted for any services with, the <u>Pike County Cor-rectional</u> or the <u>Courts of Pike County</u>, or the <u>Commonwealth of Pennsylvania</u> or <u>Norristown State Hospital</u>. Plaintiff (72 pg) completed 42 USC 1983 complaint AND exhibits (as required by U.S. District of Middle Pennsylvania, Chief Judge Yvette Kane) were stolen from her by PCCF Staffer Stg. Amanda Mills. Plaintiff had documents stolen by other PCCF Staffer's (Linda Forshay, {Betsy} South and Kapilett-Smith), pertaining to Plaintiff's 42 USC 1983. Thus Constituting 42 USC 1985, Section 2, "If two or more persons conspire for the purpose of impeding, hindering, obstructing or defeating, in any man-ner, the Due course of <u>Justice</u>, in any State or Terri-tory, with intent to Deny to any citizen the equal protection of the laws or to injure him or her or his property for lawfully enforcing or attempting to enforce, the right of any person, or class of persons to the equal protection of the laws."

CASE # 20CV0828

## List of Exhibits

A. N.Y.S. Supreme Court recognition of Tribe (New York State)

B. Pennsylvania General (Council) Counsel Tribal recognition.

C. Pennsylvania Attorney General Tribal recognition.

D. Lehigh County Court Recognition of Tribe (Pennsylvania)

E. Tonia Scott's Indian Status (from U.S. District Court of N.Y.)

F. Indian Title, Pine Ridge

G. Indian Title, Saw Creek.

H. Decree 11

I. 25 U.S.C. 1321/1755 (Assumption by State of Criminal)

J. 25 U.S.C. 1324 (Amendment of State Statutes or Constitution)

K. 25 U.S.C 2, Section 1.4 (State or local laws Do Not Apply)

L. Dept. of Interior/BIA (Indian Title)

M. Tribal I.D.

N. PCCF Form.

## Relief (continue).

IV. Plaintiff request that the Court issue an injunction to Pennsylvania State Police, Blooming Grove Station, Police officers to return Plaintiff's personal property because P.S.P. Troopers unlawful and illegal seizure of Plaintiff's personal property constitutes violation of 25 USC 2, Section 1.4 and the Fourteen (14th) Amendment of the United States Constitution.

Supreme Court
of the
State of New York



**ROBERT E. TORRES**
**ADMINISTRATIVE JUDGE**
**CRIMINAL DIVISION**

CHAMBERS
BRONX COUNTY HALL OF JUSTICE
265 EAST 161ST STREET
BRONX, NEW YORK 10451

October 10, 2018

Tonia Scott
Principal Chief of the Saw Creek and
Pine Ridge Indian Communities
1735 Madison Avenue, #13E
New York, New York 10029

Re: Bronx Criminal Court, Sovereign Immunity Doctrine,
      Criminal Court Judge Michael Hartofillis.
      Automobile Summonses

Dear Ms. Scott,

      We are in receipt of a your fax, dated October 4, 2018, and received by our offices on or about October 9th, 2018. Ms. Scott, you should be aware that upon receipt of this faxed, detailed letter arising from your encounter with the NYSDEC Officers and the NYPD on or about March 14, 2018, we have forwarded your letter to the Hon. George Grasso, Administrative Judge of the Criminal Court of the City of New York, Bronx County - as this matter was before the Hon. Judge Hartofillis, a criminal court Judge of Bronx County and directly under the supervision of the Hon. Judge Grasso. Good luck,

                                                Eider Giovanni Garcia, Esq.,
                                                Principal Law Clerk to the Hon. Robert E. Torres
                                                Administrative Judge Supreme Court,
                                                Criminal Term, Bronx County

*Exhibit A*



COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE OF GENERAL COUNSEL

October 9, 2019

Tonia Scott, Principal Chief
Saw Creek & Pine Ridge Indian Communities
1735 Madison Avenue 13E
New York, New York 10029

RE: **Enforcement of Foreign Protection Orders**

Dear Ms. Scott:

This correspondence is in response to the communication that was received in our office on September 26, 2019. After careful review, it does not appear to be a matter in which our agency can become involved.

Thank you for your time and attention in this matter.

Very Respectfully,

John J. Herman
Assistant Counsel
Pennsylvania State Police
1800 Elmerton Avenue
Harrisburg, PA 17110
(717) 783-5568

cc:   PSP File

*Exhibit B*

OFFICE OF CHIEF COUNSEL | PENNSYLVANIA STATE POLICE
1800 ELMERTON AVENUE | HARRISBURG, PA 17110
Ph: 717-783-5568 | Fx: 717-772-2883 | www.psp.state.pa.us

**Pennsylvania**
State Police



COMMONWEALTH OF PENNSYLVANIA
· OFFICE OF ATTORNEY GENERAL

May 6, 2020

Office of Attorney General
Civil Rights Enforcement Section
14th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
Phone: 717-787-0822
Fax: 717-787-1190

Rosemary Scott
Saw Creek and Pine Ridge Indian Communities Tribal Council
1734 Madison Avenue 13E
New York, NY  10029

Ref:    Pike County Correctional Facility, FILE NO: CRES-20-05-000212

Dear Ms. Scott:

      This letter is in response to your complaint to the Pennsylvania Office of Attorney
General, Civil Rights Enforcement Section (CRES), on April 23, 2020.  Your complaint alleges
prisoner abuse.

      Given the nature of your complaint, this is not a matter over which CRES generally has
jurisdiction.  However, each state correctional institution has a Security Office that receives and
investigates inmates' complaints within that institution.  In addition, the following organizations
and agencies, which receive and investigate inmates' complaints, may be able to provide
assistance to you.

                  Pennsylvania Prison Society
                  230 South Broad Street, Suite 605
                  Philadelphia, PA  19102
                  (215) 564-4775
                  (215) 564-1830 (Fax)
                  info@prisonsociety.org (e-mail)

*Exhibit C*

Rosemary Scott, Tonia Scott and Keeba Scott-Harris v. Pike County Correctional Facility
May 6, 2020
Page 2

Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

Thank you for bringing this matter to our attention.

Very truly yours,

Lisa A. Allen
Civil Investigator
Civil Rights Enforcement Section

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs.                                          Case No. MD-0369/2019

TONIA SCOTT,        Defendant

FILED

2020 MAR -5 AM 10: 02
CLERK OF COURTS
CRIMINAL-JUVENILE
LEHIGH COUNTY, PA

### ORDER

**AND NOW**, this _5th_ day of March, 2020, upon consideration of the Defendant's Petition to Dismiss and Void Warrants Due to Defect of Jurisdiction (Indian/Tribal Authority) and request to proceed *in forma pauperis*, re-filed February 20, 2020,

**IT IS HEREBY ORDERED** that the Defendant's Petition to Dismiss and Void Warrants Due to Defect in Jurisdiction (Indian/Tribal Authority) is denied.[1]

**IT IS FURTHER ORDERED** that the Defendant's request to proceed *in forma pauperis* is granted.

No Judge
No judicial seal
from cmrt clerk

BY THE COURT:

Maria L. Dantos, J.

---

[1]  "It is well settled that states have criminal jurisdiction over reservation Indians for crimes committed off the reservation." *Commonwealth v. Monture*, No. 340 WDA, 2014, Pa. Super. WL 10753772 at *3, f.n. 2 (Pa. Super, 2014) (citing *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148-149 (1973)).

Note  The Defendant's vehicle was stopped in the City of Allentown, near Vultee Street in Lehigh County, Pennsylvania, when she received the citations in question.  The location of her apprehension is more than sixty (60) miles away from the Saw Creek and Pine Ridge Indian Reservation, of which she is a citizen, in Bushkill, Pennsylvania.  Because the Defendant was found to be violating Pennsylvania Motor Vehicle laws in Allentown, Pennsylvania while present in the jurisdiction, the Lehigh County Municipal Courts have jurisdiction over the Defendant for those offenses.

Exhibit D.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONIA SCOTT,

                    Plaintiff,

        -against-                                17-CV-1682 (CM)

PINE RIDGE COMMUNITY                             TRANSFER ORDER
ASSOCIATION; JOSEPH PERITORE,
President; THERESA ELLIOT,
Vice-President; KAREN SIEGEL, Treasurer,

                    Defendants.

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff Tonia Scott brings this *pro se* action invoking the Court's diversity jurisdiction, 28

U.S.C. § 1332. Plaintiff, an "Aboriginal/Indigenous/Native American Indian woman," filed this

action against the Pine Ridge Community Association and its president, vice-president, and

treasurer over a real property dispute. Plaintiff resides in New York, and the property and

Defendants are located in Bushkill, Pike County, Pennsylvania. For the following reasons, the

Court transfers this action to the United States District Court for the Middle District of

Pennsylvania.

                                **DISCUSSION**

        Under the general venue provision, a civil action may be brought in

        (1) a judicial district in which any defendant resides, if all defendants are residents of the
        State in which the district is located; (2) a judicial district in which a substantial part of the
        events or omissions giving rise to the claim occurred, or a substantial part of property that
        is the subject of the action is situated; or (3) if there is no district in which an action may
        otherwise be brought as provided in this section, any judicial district in which any
        defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled, § 1391(c)(1), and a corporation or other entity with the capacity for suit

*Exhibit E.*

resides "in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question," § 1391(c)(2).

Under § 1391(b), venue is not proper in this district. Defendants reside in Pike County, Pennsylvania, where the property is located. Venue appears to be proper in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b) (Pike County is in the Middle District of Pennsylvania). When a plaintiff brings an action in the wrong federal judicial district (a district where venue is not proper), the Court must either dismiss the action or transfer it to a district court where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013). Courts may transfer actions under § 1406(a) on their own initiative. *See, e.g., Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-CV-6939 (MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 n.3 (2d Cir. 1966)). Accordingly, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.[1] *See* 28 U.S.C. §§ 1391(b), 1406(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to

---

[1] The Court reiterates its previous warning to Plaintiff regarding duplicative or frivolous litigation. If Plaintiff continues to initiate such litigation in this Court, the Court will issue an order barring her from filing new civil actions in this Court *in forma pauperis* without prior permission. *See Scott v. Saw Creek Estate Cmty. Ass'n, Inc.*, No. 17-CV-1685 (CM), at 3 (S.D.N.Y. Mar. 8, 2017) (citing 28 U.S.C. § 1651).

2

be made by the transferee court. A summons shall not issue from this Court. This order closes

this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 6, 2017
         New York, New York

                                          COLLEEN McMAHON
                                          Chief United States District Judge

3

Welcome to the Pike County Real Property Official Records

**Pennsylvania** Land Records

Print Search Results

## Search Results for Pike, PA

🔍 Click the magnifying glass to preview the document (displayed at the bottom of the screen).

**Result Matches: [1 - 6 of 6]**

Documents From: 01/01/1930
To: 02/16/2017

Search Type: Name
Name: SCOTT TONIA

Format is Lastname Firstname
- example: Smith John

As:
Both

Registry Types:
Search all Registry Types
MISCELLANEOUS
POWER OF ATTORNEY
CLEAN&GREEN

Recorded Date:
From
01/01/1930
To
02/16/2017

Search   25   Results Per Page

Real Property Official Records Search

| Name | Series | Type | File Date | Number | Volume | Page | Inst Date | # of Pages |
|---|---|---|---|---|---|---|---|---|
| 🔍 SCOTT TONIA | Grantee | DEED | 1/20/2012 | 00000607 | 002379 | 2322 | 12/21/2011 | 4 |
| 🔍 SCOTT TONIA | Grantor | DEED | 6/10/2016 | 00004511 | 002497 | 0055 | 5/11/2016 | 3 |
| 🔍 SCOTT TONIA | Grantee | AFFIDAVIT | 10/11/2016 | 00008297 | 002506 | 1601 | 10/1/2016 | 4 |
| 🔍 SCOTT TONIA | Grantee | AFFIDAVIT | 10/11/2016 | 00008297 | 002506 | 1601 | 10/1/2016 | 4 |
| 🔍 SCOTT TONIA | Grantor | AFFIDAVIT | 2/1/2017 | 00001002 | 002516 | 0526 | 10/1/2016 | 4 |
| 🔍 **SCOTT TONIA** | **Grantee** | **AFFIDAVIT** | **2/1/2017** | **00001002** | **002516** | **0526** | **10/1/2016** | **4** |

**Detail Results Preview:**

| Number | File Date | Inst. Date |
|---|---|---|
| 201700001002 | 2/1/2017 10:49:00AM | 10/1/2016 |

| Type | Liber | Page | # of Pages |
|---|---|---|---|
| (AFFIDAVIT ) | 002516 | 0526 | 4 |

| Series | Name |
|---|---|
| Grantor | SCOTT TONIA |
| Grantee | SCOTT TONIA |

© 2017 Conduent Business Services, LLC. All rights reserved.

Exhibit F

https://pa.uslandrecords.com/palr2/controller?name=SCOTT+TONIA&verified_docs=&rowincrement=25&commandflag=searchByNameID&optflag=SearchCo...   1/1

### DECLARATION OF OWNERSHIP AFFIDAVIT

I, Tonia' Scott, being first duly subscribed and sworn under oath, state that I am
the owner of real property commonly known as **Pine Ridge, Bushkill,
Pennsylvania**, which said property is located in the unincorporated census-
designated place of **Lehman Township, Bushkill, Pennsylvania,** more
particularly described as:

| Map Coordinates: | Latitude: 41.150833 | Longitude: -74.99 |
| --- | --- | --- |
| | 41.1402 | -74.986 |
| | 41.13135 | -75.00129 |
| | 41.1466332431681 | -74.99482575447934 |
| | 41.15669 | -74.99067 |
| | 41.1309° N | 74.9916° W |

My ownership of this property is evidenced from inheritance and in accordance to
**Aboriginal title** and **original Indian title.**   Legal precedence illustrates the
following:

1. As an Indigenous American Indian woman, I have Aboriginal

   title to my ancestral land of North America/ Turtle Island.

2. **Aboriginal title** is a common law doctrine that the land rights of indigenous

   peoples to customary tenure persist after the assumption of

   sovereignty under settler colonialism. All jurisdictions are in agreement that

   aboriginal title is inalienable, except to the national government, and that it

   may be held either individually or collectively. Aboriginal title is also referred

   to as **indigenous title, native title and original Indian title**

   a. "Non- Indian bodies have no authority to title land, only to pay

Page 1 of 4

Exhibit F

Instrument        Book Page
201700001002 OR    2516  527

Compensation". ***United States v. Alcea Band of Tillamooks***

b. Consider, also, these words of Justice Mansfield in *Oneida*:

"This right of occupancy which the Indians retain until validly

extinguished has  been variously termed aboriginal title, unrecognized

title, original Indian title, or simply *Indian title*."

c. **Worcester v. Georgia**, **31 U.S. 515 (1832),** the Supreme Court

called Indian nations "the undisputed possessors of the soil, from time

immemorial". It also held that the Indians "were admitted to be the

rightful  occupants of the soil, with a legal as well as just claim to

retain possession.of it, and to use it according to their own- discretion"

d. **United States v. Cook**, **86 U.S. 591 (1874),** the court held: "This

right of  use' and occupancy by the Indians is unlimited. They may

exercise it at their discretion".  Id. at 593.

e. **United States v. Cook**, supra, (2) "Indians are the equivalent of life

tenants on their lands"

f. In **Johnson v. McIntosh**, "The Court guarantee the. occupants

protection from intrusion." Id. at 1371-72

g. **Edwardsen v. Morton, 369 F. Supp. 1359 CD. D.C. (1973),**

**United States v. Klamath and Moadoc Tribes**, supra, which took a

similarly expansive view of Indian title right of occupancy as it existed

prior to any treaty.

h. In **Minnesota v Hitchcock, 185 U.S. 373 (1902),"** the court

acknowledged that confessedly the fee of the land was in the United

States (North America), subject to a right of occupancy by the

Instrument        Book Page
201700001002 OR   2516  528

Indians".  Id. at 388-89.

    i.  **Cramer v. United States** **(1923)** was the first Supreme Court
decision to acknowledge the doctrine of individual aboriginal title, not
held in common by tribes.

3.  The United States of America is a charter member of the United Nations. A
United Nations resolution (UN resolution) is a formal text adopted by a
United Nations (UN) body. The **United Nations Declaration on the Rights
of Indigenous People,** signed by United States President Barak Obama is a
legally binding United Nations General Assembly Resolution, General
Assembly Resolutions have the same weight as full-fledged sources of
international law:

    a.  *"In this Declaration Indigenous Peoples are those who
Embody historical continuity with societies which existed prior to
the conquest  and settlement of their territories by Europeans..."*

    b.  *Indigenous peoples* ***HAVE THE RIGHT TO THE LANDS,*** *territories
and RESOURCES which they have traditionally owned, occupied or
otherwise USED OR ACQUIRED- Article 26 (1)*

    c.  *Indigenous peoples* ***HAVE THE RIGHT TO OWN,*** *USE, develop and
control the LANDS, territories and RESOURCES that they possess
by reason of traditional ownership or other traditional occupation or
use. AS WELL AS THOSE WHICH THEY HAVE OTHERWISE
ACQUIRED. –Article 26 (2)*

Instrument
201700001002 OR    Book  Page
                   2516   529

Dated  this _____01_____ day of _____OCT_____ 20_16_

_Trina Scott_

Owner's Signature

## NOTARY ACKNOWLEGEMENT

201700001002
Filed for Record in
PIKE COUNTY, PA
SHARON SCHROEDER
02-01-2017 At 10:49 am.
AFFIDAVIT      54.00
OR Book   2516 Page 526    529

EXECUTED this day __01__ of __OCTOBER__, 2016.

STATE OF _NEW YORK_

COUNTY OF _NEW YORK_

On this day, personally appeared before me, ___TONYA SCOTT___, to me
known to be the person(s) described in and who executed the within instrument,
and acknowledged that he/she signed the same as his/her voluntary act and deed,
for the uses and purposes therein mentioned.

Witness my hand and official seal hereto affixed on this day of __OCT 01__
__2016__.

Notary's Public Signature: _____

My commission expires __09-10-2018__

**HENRY CALDERON**
Notary Public, State of New York
No. 01CA6043709
Qualified in New York County
Commission Expires _09-10-2018_

Page 4 of 4

Instrument
201600008297 OR    Book Page
                   2506 1601

C

Receipt #      302196      Port 31
Date :     10-11-2016      Time 11:36 am
Issued By : Sharon Schroeder

SHARON SCHROEDER
RECORDER OF DEEDS
PIKE COUNTY

Issued To:

TONIA SCOTT
1735 MADISON AVE
APT 13E
NEW YORK NY 10029

| Inst No.  | Type | Description | TOTAL |
|-----------|------|-------------|-------|
| 201600C08297 | AFF | AFFIDAVIT | 54.00 |
| Book | | 2506 Page 1601-1604 | |

Itemized Check Listing:
Check    Check No.    Amount

  1   1075013288    54.00

Amount Due       $    54.00
- Amount Charged  $      .00
- Paid by Check   $    54.00
- Paid by Cash    $      .00

= Change         $      .00

THANK YOU!  SHARON SCHROEDER
            PIKE COUNTY, PA

## ATION OF OWNERSHIP AFFIDAVIT

uly subscribed and sworn under oath, state that I am

commonly known as  Saw Creek, Bushkill, Lehman Twp.

aid properties are located in Pike County, Pennsylvania,

as large parcels of land and natural resources.

| Longitude: |
|---|
| W75.05156° |
| W75.046271° |
| W75.04462° |
| W75.05164° |
| W75.05156° |
| W75.05073° |
| W75.0426968° |
| W75.0388° |

ies are evidenced from inheritance and in accordance

**al Indian title.**   Legal precedence illustrates the

an Indian woman, I, Tonia' Scott have Aboriginal

of North America/ Turtle Island.

mon law doctrine that the land rights of indigenous

ure persist after the assumption of

sovereignty under settler colonialism. All jurisdictions are in agreement that

aboriginal title is inalienable, except to the national government, and that it

may be held either individually or collectively. Aboriginal title is also referred

to as **indigenous title, native title and original Indian title**

Page 1 of 4

*Exhibit G*

Instrument
201600008297 OR    Book Page
2506 1601

## DECLARATION OF OWNERSHIP AFFIDAVIT

I, Tonia' Scott, being first duly subscribed and sworn under oath, state that I am

the owner of real properties commonly known as  Saw Creek, Bushkill, Lehman Twp.

Pennsylvania 18324 which said properties are located in Pike County, Pennsylvania,

more particularly described as large parcels of land and natural resources.

Map Coordinates:

| Latitude: | Longitude: |
| --- | --- |
| N41.11871° | W75.05156° |
| N41.119475° | W75.046271° |
| N41.12093° | W75.04462° |
| N41.12092° | W75.05164° |
| N41.11871° | W75.05156° |
| N41.11259° | W75.05073° |
| N41.1034364° | W75.0426968° |
| N41.0890° | W75.0388° |

My ownership of these properties are evidenced from inheritance and in accordance

to **Aboriginal title** and **original Indian title.**   Legal precedence illustrates the

following:

1. As an Indigenous American Indian woman, I, Tonia' Scott have Aboriginal

   title to my ancestral land of North America/ Turtle Island.

2. **Aboriginal title** is a common law doctrine that the land rights of indigenous

   peoples to customary tenure persist after the assumption of

   sovereignty under settler colonialism. All jurisdictions are in agreement that

   aboriginal title is inalienable, except to the national government, and that it

   may be held either individually or collectively. Aboriginal title is also referred

   to as **indigenous title, native title and original Indian title**

Exhibit E

Instrument          Book Page
201600008297 OR  · 2506 1602

a. "Non- Indian bodies have no authority to title land, only to pay

   Compensation". ***United States v. Alcea Band of Tillamooks***

b. Consider, also, these words of Justice Mansfield in *Oneida*:
   "This right of occupancy which the Indians retain until validly
   extinguished has  been variously termed aboriginal title, unrecognized
   title, original Indian title, or simply *Indian title*."

c. **Worcester v. Georgia**, **31 u.s. 515 (1832),** the Supreme Court
   called Indian nations "the undisputed possessors of the soil, from time
   immemorial". It also held that the Indians "were admitted to be the
   rightful  occupants of the soil, with a legal as well as just claim to
   retain possession of it, and to use it according to their own- discretion"

d. **United States v. Cook**, **86 U.S. 591 (1874),** the court held: This
   right of  use' and occupancy by the Indians is unlimited. They may
   exercise it at their discretion. If the lands in a state of nature are not
   in a condition for purposes of agriculture, they may be cleared of their
   timber to such an extent as may be reasonable under the
   circumstances." Id. at 593.

e. **United States v. Cook**, supra, (2) "Indians are the equivalent of life
   tenants on their lands"

f. In **Johnson v. McIntosh**, "The Court guarantee the. occupants
   protection from intrusion." Id. at 1371–72

Instrument          Book Page
201600008297 OR    2506 1603

3. The United States of America is a charter member of the United Nations and

   one of five permanent members of the UN Security Council. A United Nations

   resolution (UN resolution) is a formal text adopted by a United Nations (UN)

   body.  The **United Nations Declaration on the Rights of Indigenous**

   **People,** signed by United States President Barak Obama is a legally binding

   United Nations General Assembly Resolution, General Assembly Resolutions

   have the same weight as full-fledged sources of International law:

   a. *"In this Declaration Indigenous Peoples are those who*

      *Embody historical continuity with societies which existed prior to*

      *the conquest  and settlement of their territories by Europeans..."*

   b. *Indigenous peoples* ***HAVE THE RIGHT TO THE LANDS,*** *territories*

      *and RESOURCES which they have traditionally owned, occupied or*

      *otherwise USED OR ACQUIRED- Article 26 (1)*

   c. *Indigenous peoples* ***HAVE THE RIGHT TO OWN,*** *USE; develop and*
      *control the LANDS, territories and RESOURCES that they possess*

      *by reason of traditional ownership or other traditional occupation or*

      *use. AS WELL AS THOSE WHICH THEY HAVE OTHERWIS*

      *ACQUIRED. –Article 26 (2)*

Instrument             Book Page
201600008297 OR        2506 1604

Dated this _01_ day of ___OCT___ 20_16_.

_[signature]_

Owner's Signature

201600008297
Filed for Record in
PIKE COUNTY, PA
SHARON SCHROEDER
10-11-2016 At 11:36 am.
AFFIDAVIT       54.00
OR Book    2506 Page 1601 - 1604

## NOTARY ACKNOWLEGEMENT

EXECUTED this day _01_ of _OCTOBER_, 2016.

STATE OF _New York_

COUNTY OF _New York_

On this day, personally appeared before me, _TONIA SCOTT_, to me known to be the person(s) described in and who executed the within instrument, and acknowledged that he/she signed the same as his/her voluntary act and deed, for the uses and purposes therein mentioned.

Witness my hand and official seal hereto affixed on this day of _OCT 01_, 20_16_.

Notary's Public Signature: _[signature]_

My commission expires _09-10, 2018_.

**HENRY CALDERON**
**Notary Public, State of New York**
**No. 01CA6043709**
**Qualified in New York County**
**Commission Expires** _09-10-2018_

Page 4 of 4

# Decree of the Saw Creek and Pine Ridge Indian Communities

### A DECREE TO CONVEY PRINCIPAL CHIEF TONIA' SCOTT'S ABORIGINAL/ INDIAN TITLE- LAND PATENTS AND CONTRACTUAL PROPERTIES INTO THE SAW CREEK AND PINE RIDGE INDIAN COMMUNITIES' JURISDICTION.

## DECREE NO. 011

I. **WHEREAS,** all Aboriginal/ Indian Title Land Patents (past, present and future) titled by Principal Chief Tonia' Scott shall be under the jurisdiction of the Saw Creek and Pine Ridge Indian Communities including tribal court, tribal law enforcement and tribal agencies.

II. **WHEREAS,** "What can be restated here based on earlier findings is that Aboriginal Title is a "*quiet and uncontrolled*" possession *sui generis*", *See* **Cherokee Nation v. Georgia, 30 U.S. 15 (1831)**.

III. **WHEREAS,** in the Constitution of the **Saw Creek and Pine Ridge Indian Communities; Article VII. Executive;**

**Section 1.** The executive power shall be vested in a Principal Chief, who shall be styled "The Principal Chief of the Saw Creek and Pine Ridge Indian Communities ". The Principal Chief shall be the original land patent owner or a direct bloodline matriarchal descendant of the original land patent owner (heredity).

IV. **WHEREAS,** The Saw Creek and Pine Ridge Indian Communities is a Native American/ Indian tribe, with a county recorded Indian/ Aboriginal Title, land patent located in the state of Pennsylvania, "It owes from the acknowledgment at federal common law that Indian tribes are "distinct, independent political communities, retaining their original natural rights ..." **Santa Clara Pueblo v. Martinez, supra, 436 U.S. at 55**. "The powers of Indian tribes are, in general, 'inherent powers of a limited sovereignty which has never been extinguished." F. Cohen, Handbook of Federal Indian Law 122 (1945)" (Emphasis in original). **United States v. Wheeler, 435 U.S. 313, 322 (1978)**. It is the long history, which predates the founding of this country, of tribes "as self-governing sovereign political communities" which establishes their claim of sovereignty. Id., at 323. See also **Cherokee Nation v. Babbitt, 117 F.3d 1489 (D.C. Cir., 1997)** ("Tribal sovereign immunity does not derive from an act of Congress, but rather is one of the inherent powers of a limited sovereignty which has never been extinguished.")

V. **WHEREAS,** the court of jurisdiction for the Saw Creek and Pine Ridge Indian

Exhibit H

Communities shall be the Saw Creek and Pine Ridge Indian Communities Tribal Court. As stated in the **COURT RULES OF THE SAW CREEK AND PINE RIDGE INDIAN COMMUNITIES TRIBAL COURT HANDBOOK, Section V., Jurisdiction (1),** The Tribal Court shall have original jurisdiction extending to all cases, matters or controversies arising under and as may be limited by the laws, ordinances, regulations, customs and judicial decisions of the Saw Creek and Pine Ridge Indian Communities. In alliance with, *Williams v. Lee,* 358 U.S. 217, 220 (1959), Tribes possess the inherent authority "to make their own laws and to be ruled by them." And "within the boundaries of Indian lands, tribes can regulate like any other government". **Atkinson Trading Post v. Shirley,** 532 U.S. 645 (2001).

VI. **WHEREAS.** Monetary proceeds from the Aboriginal/ Indian Title Land Patents (past, present and future) titled by Principal Chief Tonia' Scott shall be allocated towards the Saw Creek and Pine Ridge Indian Communities tribal government's fiscal budget.

VII.        **WHEREAS,** "The Indian title, such as it was before the treaty ... consisted of the *usufruct* and right of occupancy and "enjoyment; and," so-long as it continued, was superior to and excluded those claiming the reserved lands by patents made subsequent to the ratification of the treaty; they could not disturb the occupants under the Indian title. *That an action for ejectment could be maintained on an Indian right to occupancy and use, is not open to question."* Citing **Johnson v. McIntosh** (1823), supra. Id, at 232.

VIII.        **WHEREAS,** the Supreme Court has relied on **the right to exclude others** as the basis for recognition of constitutional property interests in land. See **College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd,** 527 U.S. 666, 673 (1999) ("[t]he hallmark of a protected property interest [in the constitutional sense] is the right to exclude others."). It has long been the law that Indians holding land under aboriginal title may maintain an ejectment action against trespassers. **Marsh v. Brooks,** 49 U.S. 223, 232 (1850) (the right of ejectment "is not open to question"); See also, **Oneida Indian Nation v. County of Oneida,** 470 U.S. 226 (1985) (Indians may maintain trespass actions for violations of their land rights).

IX. **WHEREAS,** in the **Constitution of the Saw Creek and Pine Ridge Indian Communities, Article X. Fiscal,**

A. **Section 1.** The fiscal year shall commence on the first day of October in each year, unless otherwise provided by law.

B. **Section 2.** The Saw Creek and Pine Ridge Indian Communities Tribal Council shall provide by law for annual expenditure of funds, and the source from which funds are to be derived, to defray the estimated expenses of the Executive, Legislative, and Judicial branches and the departments of government of the Saw Creek and Pine Ridge Indian Communities for each fiscal year. The budget shall not exceed estimated revenues.

X. **WHEREAS**, in <u>Worcester v. Georgia</u>, 31 U.S. 515 (1832), the Supreme Court called Indian nations "the undisputed possessors of the soil, from time immemorial". It also held that the, *"Indians were admitted to be the rightful occupants of the soil, with a legal as well as just claim to retain possession of it and to use it according to their own- discretion"*.

**BE IT RESOLVED THAT,** all Aboriginal/ Indian Title Land Patents (past, present and future) titled by Principal Chief Tonia' Scott shall be under the jurisdiction of the Saw Creek and Pine Ridge Indian Communities including branches such as the tribal court, tribal law enforcement and tribal agencies.

## Certification

I, Principal Chief and Indian/ Aboriginal Title Owner Tonia' Scott of the Saw Creek and Pine Ridge Indian Communities, do hereby certify that Decree # 011 is true and exact as approved by the Tribal Council in a special meeting called on February 01, 2019.

Principal Chief and Indian/ Aboriginal Title Owner Tonia' Scott of the Saw Creek and Pine Ridge Indian Communities

ATTEST:

Rosemary Scott, Recording Secretary and Court Clerk of the Saw Creek and Pine Ridge Indian Communities

Page 3 of 3

*As in Decree I, we will never contract with the States and/or counties and/or municipalities (political subdivisions)*

**Cross References**

This subchapter is referred to in 25 USCS § 1755

§ 1321. Assumption by State of criminal jurisdiction

*Chp 15*

(a) **Consent of United States.**

(1) In general. The consent of the United States is hereby given to any State not having jurisdiction over criminal offenses committed by or against Indians in the areas of Indian country situated within such State to assume, with the consent of the Indian tribe occupying the particular Indian country or part thereof which could be affected by such assumption, such measure of jurisdiction over any or all of such offenses committed within such Indian country or any part thereof as may be determined by such State to the same extent that such State has jurisdiction over any such offense committed elsewhere within the State, and the criminal laws of such State shall have the same force and effect within such Indian country or part thereof as they have elsewhere within that State.

(2) Concurrent jurisdiction. At the request of an Indian tribe, and after consultation with and consent by the Attorney General, the United States shall accept concurrent jurisdiction to prosecute violations of sections 1152 and 1153 of title 18, United States Code, within the Indian country of the Indian tribe.

(b) **Alienation, encumbrance, taxation, and use of property; hunting, trapping, or fishing.** Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or any Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use of such property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall deprive any Indian or any Indian tribe, band, or community of any right, privilege, or immunity afforded under Federal treaty, agreement, or statute with respect to hunting, trapping, or fishing or the control, licensing, or regulation thereof.

(April 11, 1968, P. L. 90-284, Title IV, § 401, 82 Stat. 78; July 29, 2010, P. L. 111-211, Title II, Subtitle B, § 221(a), 124 Stat. 2271 .)

*Also in Civil Rights act of 1968, Title II - Indians Section 401*

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Exhibit I*

*In Absence of legislation by Congress, conferring jurisdiction upon State Courts, they have No jurisdiction of crimes committed by Tribal Indians on Indian Lands within borders of State. Application of Konaha, 131 F 2d 737 (7th Cir 1942)*

41 Am Jur 2d, Indians; Native Americans 133, 135, 148, 149.

### Law Review Articles:

Goldberg; Champagne. Symposium: Indian Law at a Crossroads: Is Public Law 280 Fit for the Twenty-First Century? Some Data at Last. 38 Conn L Rev 697, May 2006.

Leonhard. Returning Washington P.L. 280 Jurisdiction to Its Original Consent-Based Grounds. 47 Gonz L Rev 663, 2011/2012.

### Annotations:

Construction and Application of 2 of Federal Public Law 280, Codified At 18 U.S.C.A. 1162 [18 USCS 1162], Under Which Congress Expressly Granted Several States Criminal Jurisdiction Over Matters Involving Indians. 55 ALR Fed 2d 35.

### Other Treatises:

Cohens Handbook of Federal Indian Law (Matthew Bender), ch 1, History and Background of Federal Indian Policy 1.07.

Cohens Handbook of Federal Indian Law (Matthew Bender), ch 6, Tribal/State Relationship 6.04.

## 1324. Amendment of State constitutions or statutes to remove legal impediment; effective date

Notwithstanding the provisions of any enabling Act for the admission of a State, the consent of the United States is hereby given to the people of any State to amend, where necessary, their State constitution or existing statutes, as the case may be, to remove any legal impediment to the assumption of civil or criminal jurisdiction in accordance with the provisions of this title [25 USCS 1321 et seq.]. The provisions of this title [25 USCS 1321 et seq.] shall not become effective with respect to such assumption of jurisdiction by any such State until the people thereof have appropriately amended their State constitution or statutes, as the case may be.

**HISTORY:**
Act April 11, 1968, P. L. 90-284, Title IV, 404, 82 Stat. 79.

### Research References and Practice Aids

*Exhibit J*

### Law Review Articles:

Goldberg; Champagne. Symposium: Indian Law at a Crossroads: Is Public Law 280 Fit for the Twenty-First Century? Some Data at Last. 38 Conn L Rev 697, May 2006.

*White Mountain Apache Tribe v. Bracker, 448 US 136, 142 (1980) "There is No rigid rule by which to resolve the question whether a particular State law may be applied to Indian Lands or to tribal members."*

[25 FR 3124, Apr. 12, 1960, as amended at 40 FR 20625, May 12, 1975; 48 FR 13414, Mar. 31, 1983]

5 U.S.C. 301; R.S. 463, 25 U.S.C. 2.


## § 1.4 State and local regulation of the use of Indian property.

(a) Except as provided in paragraph (b) of this section, none of the laws, ordinances, codes, resolutions, rules or other regulations of any State or political subdivision thereof limiting, zoning or otherwise governing, regulating, or controlling the use or development of any real or personal property, including water rights, shall be applicable to any such property leased from or held or used under agreement with and belonging to any Indian or Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States.

(b) The Secretary of the Interior or his authorized representative may in specific cases or in specific geographic areas adopt or make applicable to Indian lands all or any part of such laws, ordinances, codes, resolutions, rules or other regulations referred to in paragraph (a) of this section as he shall determine to be in the best interest of the Indian owner or owners in achieving the highest and best use of such property. In determining whether, or to what extent, such laws, ordinances, codes, resolutions, rules or other regulations shall be adopted or made applicable, the Secretary or his authorized representative may consult with the Indian owner or owners and may consider the use of, and restrictions or limitations on the use of, other property in the vicinity, and such other factors as he shall deem appropriate.

[30 FR 7520, June 9, 1965]

5 U.S.C. 301; R.S. 463, 25 U.S.C. 2.


## § 1.10 Availability of forms.

CFR                                                    5

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Exhibit K.*



UNITED STATES
DEPARTMENT OF THE INTERIOR
OFFICE OF THE SOLICITOR
WASHINGTON, D.C. 20240

**28** 1976 SEP

Memorandum

To:         Lawrence A. Aschenbrenner, Assistant Solicitor
            Division of Indian Affairs

From:       Tim Vollmann, Attorney
            Division of Indian Affairs

Subject:    The Nature of Aboriginal Indian Title

In essence, the claim of the Passamaquoddy Indian Tribe is
one for aboriginal Indian title.  The subject most recently
received treatment by the Supreme Court in <u>Oneida Indian
Nation v. County of Oneida</u>, 414 U.S. 661 (1974).  There the
court stated:

> "It very early became accepted doctrine
> in this Court that although fee title
> to the lands occupied by Indians when
> the colonists arrived became vested
> in the sovereign--first the dis-
> covering European nation and later
> the original States and the United
> States--a right of occupancy in the
> Indian tribes was nevertheless
> <u>recognized</u>.  That right, sometimes
> <u>called Indian title</u> and <u>good against
> all</u> but <u>the sovereign</u>, could be
> terminated only by sovereign act.
> Once the United States was organized
> and the Constitution adopted, these
> tribal rights to <u>Indian lands</u> <u>became
> the exclusive province of the federal
> law</u>.  Indian title, recognized to be
> only a right of occupancy, was <u>ex-
> tinguishable only by the United
> States.</u>"  <u>Id</u>. at 667.



PROVINCE - the proper duties AND Functions

Exhibit L

**IMPORTANT**
This document is valid in all countries unless otherwise restricted. It is not transferable. It is for use solely by the person to whom it is issued. The person to whom it is issued must sign his or her name immediately upon receipt. This document is not valid unless it is signed.

*IMPORTANT*
*Ce document de voyage est valable, sauf indication contraire, pour tous les pays. Il n'est pas transférable et ne peut être utilisé que par la personne à laquelle il a été délivré. Il n'est valable que revêtu de la signature du titulaire qui en tient de le signer dès réception.*

**IMPORTANTE**
El presente documento es válido para viajar por todos los países, salvo indicaciones contrarias. Es intransferible. Únicamente la persona para la cual ha sido expedido puede utilizarlo. El titular debe ser firmado al instante de recibirlo. Este documento no es válido sin la firma del titular.

**ВНИМАНИЕ**
Паспорт действителен для поездок во все страны, если нет особых противоуказаний. Он может быть использован только лицом, которому он выдан. Паспорт должен быть подписан владельцем при получении.

注意事項 除非受到限制，特本证件前往各国一律有效。本证不得转让只准你本人使用，收到本证后，持证人须立即在本证签上自己的名字。本证未经签署将不生效。

**GRAVA**
Tiu-ĉi dokumento estas valida por ĉiuj landoj, se ne estas kontraŭe limigite. Ĝi ne estas transdonebla, rajtas uzi ĝin nur la persono jekĥes nomo ĝi estas farita. Ĝi estas valida nur se ĝi surhavas la subskribon de la posedanto, kiu devas subskribi ĝin tuj post ricevo.

This passport contains 30 pages
*Ce passeport contient 30 pages*
Este pasaporte contiene 30 páginas
Паспорт содержит 30 страниц

**Signature of bearer/**Signature du titulaire/ Firma del titular/ Подпись владельца/ Subskribo de la posedanto — *Toniá Scott*

ficial Tribal Website. w. SawCreekANDPINE RIgdE.com

## WORLD GOVERNMENT OF WORLD CITIZENS

Passport/Passeport   Type/Type **P**   Authority code/Code d'autorité **WSA**   Passport No./N° du passeport **352378**

Name/Nom (1) **SCOTT**
Given names/Prénoms (2) **TONIA**
Place of birth/Lieu de naissance (3) **BRONX, NEW YORK, NORTH AMERICA**
Date of birth/Date de naissance (4) **19 Mar 1970**
Gender/Sexe (5) **F**
Date of issue/Date de délivrance (6) **13 Feb 2015**
Date of expiry/Date d'expiration (7) **13 Feb 2018**

Explanatory notes/Notes explicatives **PAGE 5**
Renewal/Prorogation (9) **PAGE 3**
Authority/Autorité (10) **WORLD SERVICE AUTHORITY**
Issued at/Fait à (11) **WASHINGTON, DC**

P<WSASCOTT<<TONIA<<<<<<<<<<<<<<<<<<<<<<<<<
352378<<<8WSA7003196F1802131<<<<<<<<<<<<<03

U.S. Supreme Court CASE, Williams v. Lee (1959), "Tribes cAN MAKE their own laws ANd be governed by them".

### Saw Creek and Pine Ridge
Indian Communities
**Automobile License and Identification**

Name: Tonia Scott
Born: March 19, 1970
Address: 4110 Winchester Way Bushkill, Pennsylvania 18324
Status: Tribal Official
ID: 43-4242
Date Issued: August 3, 2018
Date Expired: March 19, 2080

Signature of Indian Authority



Exhibit M

## PIKE COUNTY CORRECTIONAL FACILITY
### INMATE REQUEST FORM

NAME: _Harris_ LAST   _Keeba_ FIRST   MI

DATE: _09/10/20_   BLOCK: _A_   CELL: _2_

REQUEST: captive _Deputy Chief Keeba Scott Harris of the Saw Creek and Pine Ridge Indian Communites want a copy of the Ten ($10) dollar daily fee policy (begining from the day of entry/captivity in PCCF. I do not get Tablet/ Internet acess._

RECEIVED BY: _Nevis_   BADGE#: _94_   DATE: _9/10/20_

ROUTED TO:   PROGRAMS   SECURITY   OTHER: _____

ANSWER:   APPROVED   DENIED (STATE REASON)

_This information is available on the Tablets and in the dayroom bulletin board._

_Note Received 09/16/20   1st shift_
_I Do Not have Internet/tablet acess & Not on bulletion board. Still NO paper copy is avalible._

BY: _Sgt_   DATE: _9-14-20_
TITLE - EMPLOYEE NAME

PINK- Kept by Inmate,  YELLOW - Returned to Inmate,  WHITE - File Copy

---

_CAPTIVE INDIAN CHIEF._

## PIKE COUNTY CORRECTIONAL FACILITY
### INMATE REQUEST FORM

NAME: _Scott, TONIA (Chief)_ LAST   FIRST   MI

DATE: _9/10/20_   BLOCK: _Alpha_   CELL: _Hell I_

REQUEST: _PRINCIPAL Chief TONIA Scott of the SAW CREEK & PINE RIDGE INDIAN COMMUNITIES State ⇒ I request A copy of the 10 per DAY fees Policy beginning from the day of ENTRY/CAPTIVITY IN PCCF THERE IS NO INTERNET Access IN PCCF FOR ME._

RECEIVED BY: _Nevis_   BADGE#: _94_   DATE: _9/10/20_

ROUTED TO:   PROGRAMS   SECURITY   OTHER: _____

ANSWER:   APPROVED   DENIED (STATE REASON)

_This information is available on tablets and in the dayroom bulletin boards._

BY: _Sgt_   _Sd_   DATE: _9-14-20_
TITLE - EMPLOYEE NAME

PINK- Kept by Inmate,  YELLOW - Returned to Inmate,  WHITE - File Copy

Exhibit N

## PIKE COUNTY CORRECTIONAL FACILITY
### INMATE REQUEST FORM

NAME: _Harris_ ___ _Keeba_ ___
LAST ___ FIRST ___ MI

DATE: _09/10/20_ BLOCK: _A_ CELL: _2_
captive
REQUEST: _Deputy Chief Keeba Scott Harris_
_of the Saw Creek and Pine Ridge Indian_
_Communities wont a copy of the Ten ($10) dollar_
_daily fee policy (begining from the day of entry_
_captivity in PCCF. I do not get Tablet /_
_Internet acess.- - - - - - - -_

RECEIVED BY: _Davis_ BADGE#: _94_ DATE: _9/10/20_

ROUTED TO:   PROGRAMS   SECURITY   OTHER: _____

- - - - - - - - - - - - - - -

ANSWER:   APPROVED   DENIED (STATE REASON)

_This information is available on the Tablets_
_and in the dayroom bullen board._

_Note Received 09/6/20  1st shift_
_I Do Not have Internet/tablet acess & Not on_
_bullention board. Still No paper copy is avalible._

BY: _Sgt_ ___ DATE: _9-11-20_
TITLE - EMPLOYEE NAME

PINK- Kept by Inmate,   YELLOW - Returned to Inmate,   WHITE - File Copy

---

Captive
Indian
Chief

## PIKE COUNTY CORRECTIONAL FACILITY
### INMATE REQUEST FORM

NAME: _Scott, TONIA (Chief)_
LAST ___ FIRST ___ MI

DATE: _9/10/20_ BLOCK: _Alpha_ CELL: _Hell I_
REQUEST: _PRINCIPAL Chief TONIA Scott of_
_the SAW Creek & PINE RIDGE INDIAN_
_COMMUNITIES State ⇒ I request A copy_
_of the 10 per DAY fees" beginning than_  policy
_the day of ENTRY/CAPTIVITY IN PCCF._
_THERE IS NO INTERNET Access IN PCCF_
_FOR ME._

RECEIVED BY: _VDWK_ BADGE#: _94_ DATE: ___

ROUTED TO:   PROGRAMS   SECURITY   OTHER: ____

- - - - - - - - - - - - - - -

ANSWER:   APPROVED   (DENIED) (STATE REASON)

_This information is available on tiblets_
_and is in the dayroom bulleten boardis_

BY: _Sgt_ ___ DATE: _9-14-20_
TITLE - EMPLOYEE NAME

PINK - Kept by Inmate,   YELLOW - Returned to Inmate,   WHITE - File Copy