**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TONIA SCOTT,             : <br>    Plaintiff             : <br>                          : <br>    v.                : <br>                          : <br>RAYMOND TONKIN, et al., : <br>    Defendants     : | No. 1:20-cv-02067 <br><br> (Judge Kane) |

**MEMORANDUM**

On November 9, 2020, pro se Plaintiff Tonia Scott ("Plaintiff"), who is presently committed to the Norristown State Hospital in Norristown, Pennsylvania, initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Pike County District Attorney Raymond Tonkin ("Tonkin") and CEO of Norristown State Hospital Jessica Keith ("Keith"). (Doc. No. 1.) Plaintiff has also filed motions for leave to proceed in forma pauperis. (Doc. Nos. 2, 4.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint. For the reasons set forth below, the Court will grant Plaintiff's motions for leave to proceed in forma pauperis and dismiss her complaint.

**I.   BACKGROUND**

    **A.   Procedural History**

Plaintiff has been charged with numerous offenses, including aggravated assault, terrorism, criminal trespass, defiant trespass, firearms offenses, simple assault, and harassment, in three (3) separate criminal matters pending before the Court of Common Pleas for Pike

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

County, Pennsylvania. See Commonwealth v. Scott, Docket Nos. CP-52-CR-0000211-2020, CP-52-CR-0000096-2020, CP-52-CR-0000687-2019 (Pike Cty. C.C.P.). The docket sheets for these matters reflect that Plaintiff was recently found incompetent to stand trial and has been committed to the Norristown State Hospital for treatment.[2] See id.

In May of 2020, Plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. See Scott v. Pike Cty. Corr. Facility, No. 1:20-cv-828, 2020 WL 5548721, at *1 (M.D. Pa. Sept. 16, 2020). In an Order dated July 28, 2020, the Court dismissed any claims made by Plaintiff on behalf of the other members of her "tribal government" without prejudice and dismissed her claims challenging her conditions of confinement at the Pike County Correctional Facility ("PCCF") without prejudice to her right to raise them in a separate lawsuit pursuant to 42 U.S.C. § 1983. See id. The Court directed Plaintiff to file an amended § 2241 petition and advised her that if she failed to do so, "the Court would proceed on her original petition only with respect to her claims that her bail violates the Eighth Amendment and that her prosecution violates principles of Native American tribal immunity." See id. (internal quotation marks omitted). Plaintiff filed an amended § 2241 petition on August 13, 2020. See id. In a Memorandum and Order dated September 16, 2020, the Court dismissed Plaintiff's amended § 2241 petition for failure to exhaust her state court remedies. See id. at *2-4.

---

[2] The Court recognizes that it has an obligation to protect an "incompetent person who is unrepresented in an action." See Fed. R. Civ. P. 17(c)(2). Because Plaintiff has been adjudicated incompetent by the state court, appointment of a guardian ad litem, attorney, or other representative would appear to be required in the above-captioned case if it proceeded past screening. See Powell v. Symons, 680 F.3d 301 (3d Cir. 2012). However, the Court may still conduct a screening pursuant to the PLRA consistent with Rule 17. See id. at 307 (noting that "[i]n the context of unrepresented litigants proceeding in forma pauperis, this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)"); see also Himchak v. Dye, 684 F. App'x 249, 252 (3d Cir. 2017) (noting that the district court did not abuse its discretion by not appointing a guardian pursuant to Rule 17 because it properly dismissed the complaint under screening provisions).

B. **Summary of Plaintiff's Complaint**

In her complaint, Plaintiff alleges that on November 18, 2019, she and other members of the Saw Creek and Pine Ridge Indian Communities were "illegally and unlawfully arrested" by officers of the Pennsylvania State Police. (Doc. No. 1 at 5.) Plaintiff maintains that these officers trespassed on tribal land against the directions of Pennsylvania General Counsel John J. Herman. (Id.) Plaintiff and the others were transported to the PCCF, where Plaintiff alleges she was "physically and mentally assaulted by Warden Craig Lowe's staffers, in an effort to threaten[], coerce, oppress, intimidate, and injure Plaintiff into contracting with the [PCCF] for housing and services." (Id.) Plaintiff alleges that Defendant Tonkin "orchestrated Plaintiff's unlawful and illegal state criminal offenses/charges in an effort to extort Plaintiff into the Commonwealth of Pennsylvania's civil and criminal jurisdiction." (Id. at 4.) She argues that Defendant Tonkin's charges against her are invalid because the "Saw Creek and Pine Ridge Indian Communities Tribal Government has not contracted with the Commonwealth of Pennsylvania for assumption by state of criminal jurisdiction." (Id. at 12.) On October 14, 2020, Plaintiff was transferred to the Norristown State Hospital. (Id. at 15.) She asserts that Defendant Keith admitted her to the Norristown State Hospital without obtaining Plaintiff's express or implied consent to do so. (Id. at 4.)

Based on the foregoing, Plaintiff asserts violations of 18 U.S.C. §§ 241 & 242. (Id. at 3.) She also suggests that the Pennsylvania State Police violated her Fourteenth Amendment rights by seizing her personal property. (Id. at 5.) As relief, Plaintiff requests the following: (1) suspension of all state criminal offenses/charges; (2) an injunction against Defendant Keith restraining her imprisonment at the Norristown State Hospital; (3) release from custody; and (4)

an injunction against Pennsylvania State Police officers for the return of her personal property.[3] (Id. at 13-16.)

## II.     LEGAL STANDARD

### A.     Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a

---

[3] The Court notes that on October 29, 2020, Plaintiff filed an identical complaint against Defendants Tonkin and Keith in the United States District Court for the Eastern District of Pennsylvania. See Scott v. Tonkin, No. 2:20-cv-5412 (E.D. Pa.).

4

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner

litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### B.     Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

#### A. Plaintiff's Request for Release

As noted supra, Plaintiff seeks release from incarceration. (Doc. No. 1 at 13-14.) A civil rights suit pursuant to § 1983, however, is not the proper vehicle for Plaintiff to use to seek release from custody. When a prisoner "is challenging the very fact or duration of h[er] physical imprisonment, and the relief [s]he seeks is a determination that [s]he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Conversely, when the challenge is to a condition of confinement such that a finding in [the] plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Here, to the extent Plaintiff is seeking release from custody, she cannot seek such relief in this § 1983 action.[4] Accordingly, any claims seeking such relief will be dismissed without prejudice.

#### B. Claims Seeking Suspension of Criminal Charges

Plaintiff requests that this Court intervene in her pending criminal cases by suspending all her criminal charges. (Doc. No. 1 at 12-13.) However, in Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." See Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger). "Younger abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." PDX

---

[4] As noted supra, the Court recently dismissed Plaintiff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Scott, 2020 WL 5548721, at *3-4.

N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev., No. 19-2968, 2020 WL 6192954, at *6 (3d Cir. Oct. 22, 2020) (internal quotations omitted). To determine whether abstention is appropriate, federal courts consider the following three factors: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." See Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

The Younger requirements are clearly met in the above-captioned case. The criminal proceedings against Plaintiff are still pending. Moreover, "the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws." See Gonzalez v. Reichley, No. 20-cv-4831, 2020 WL 6562049, at *2 (E.D. Pa. Nov. 9, 2020). Moreover, the state criminal proceedings afford Plaintiff an adequate opportunity to argue that the Commonwealth has no jurisdiction over her. The Court, therefore, presumes that state procedures will afford Plaintiff an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Moreover, there is nothing in the complaint to indicate that any of the exceptions to the Younger doctrine apply. See Schall, 885 F.2d at 106 (noting that abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute"). Because Plaintiff seeks to have this Court suspend her criminal charges, her requested remedy would interfere with pending state proceedings. Accordingly, it is appropriate for the Court to abstain from entertaining such a request out of deference to the state judicial process. See Marks v. Stinson, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider Younger abstention when the requested relief would constitute federal interference in state

judicial or quasi-judicial proceedings."). Plaintiff's claims seeking suspension of her criminal charges will, therefore, be dismissed without prejudice to Plaintiff's right to pursue such relief in state court.

### C. Plaintiff's Claims Pursuant to 18 U.S.C. §§ 241 and 242

Plaintiff vaguely suggests that Defendants' actions violated 18 U.S.C. §§ 241 and 242. (Doc. No. 1 at 3.) These statutes, however, are civil rights-related conspiracy statutes for which there is no private cause of action. See Carpenter v. Ashby, 351 F. App'x 684, 688 (3d Cir. 2009) ("We agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil cause of action."). Accordingly, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 will be dismissed.

### D. Plaintiff's Claims Regarding Seizure of Personal Property

Plaintiff also seeks an injunction against the Pennsylvania State Police officers who seized her personal property. (Doc. No. 1 at 5, 16.) As a initial matter, Plaintiff's requests for such relief is improper because she has not named any of those officers as Defendants in the above-captioned case. In any event, Plaintiff's Fourteenth Amendment claim lacks merit. "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [s]he wants." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). Moreover, "if negligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable, it follows that intentional deprivations do not violate that Clause provided, of course, that adequate state post-deprivation remedies are available." See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

In Pennsylvania, "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that [s]he is entitled

9

to lawful possession thereof." See Pa. R. Crim. P. 324(a).  This motion must be "filed in the Court of Common Pleas for the judicial district in which the property was seized." See id.  In the instant case, Plaintiff does not indicate that she filed a motion for return of her property in state court, nor does Plaintiff challenge the adequacy of Pennsylvania's procedure for the return of property.  Thus, she has failed to state a claim for relief pursuant to the Fourteenth Amendment's Due Process Clause.  See Gulley v. Haymaker, No. 06-131J, 2009 WL 763549, at *12 (W.D. Pa. Mar. 23, 2009).  This claim, therefore, will be dismissed without prejudice to Plaintiff's right to pursue the return of her property in state court.

### E.     Claims Against Defendant Tonkin

Plaintiff asserts that Defendant Tonkin, the District Attorney for Pike County, violated her rights by "orchestrat[ing] Plaintiff's unlawful and illegal state criminal offenses/charges in an effort to extort Plaintiff into the Commonwealth of Pennsylvania's civil and criminal jurisdiction." (Doc. No. 1 at 4.)  Prosecutors, however, are entitled to absolute immunity from liability for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Moreover, "District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth." See Jordan v. Pennsylvania, No. 18-cv-3633, 2018 WL 4635782, at *3 (E.D. Pa. Sept. 26, 2018) (citing Van de Kamp v. Goldstein, 555 U.S. 335, 348-49 (2009)).  In the instant case, Plaintiff takes issue with Defendant Tonkin's decision to initiate criminal charges against her.  Defendant Tonkin is, therefore, entitled to absolute immunity for these actions, and Plaintiff's claims against him will, therefore, be dismissed with prejudice.

### F. Claims Against Defendant Keith

Plaintiff vaguely suggests that Defendant Keith violated her rights by admitting her to the Norristown State Hospital without obtaining Plaintiff's express or implied consent. (Doc. No. 1 at 3.) Venue for Plaintiff's claims against Defendant Keith, however, is not proper in this district. 28 U.S.C. § 1391(b) is the venue provision for federal question cases. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Norristown State Hospital is located in Norristown, Pennsylvania, within Montgomery County, which is located in the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a). 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a). As noted supra, Plaintiff has an identical complaint against Defendant Keith already pending in the United States District Court for the Eastern District of Pennsylvania. The Court, therefore, will not transfer Plaintiff's claims to the Eastern District of Pennsylvania for adjudication. Instead, Plaintiff's claims against Defendant Keith will be dismissed without prejudice to her right to pursue such claims in that pending action.

### G. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing discussion, the Court concludes that it would be futile to permit Plaintiff to file an amended complaint.

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 2, 4) and dismiss her complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims for release, the suspension of her criminal charges, and the return of her personal property will be dismissed without prejudice. Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 241 will be dismissed with prejudice. Plaintiff's claims against Defendant Tonkin will be dismissed with prejudice pursuant to the doctrine of prosecutorial immunity. Plaintiff's claims against Defendant Keith will be dismissed without prejudice to her right to pursue such claims in Civil Action No. 2:20-cv-5412 in the United States District Court for the Eastern District of Pennsylvania. Plaintiff will not be permitted to file an amended complaint in the above-captioned case. An appropriate Order follows.